## MARTIN COFFIN *vs.* HENRY J. BRADBURY.

### York.    Opinion January 20, 1897.

*Payment. Stat. of Frauds. R. S., c. III, § I, par 2.*

A person who receives a consideration may be bound by any lawful promise founded upon it, and that promise may as well be to pay another's debt as to do any other act. This promise may be absolute or conditional; to pay money or perform labor; and having a valuable consideration to rest upon, it is a new, original and independent undertaking, and may be enforced.

The plaintiff had a preferred claim against the insolvent estate of Jacob Bradbury. His widow, Mrs. Bradbury, was his administratrix, and in that capacity, sold real estate of her intestate to the defendant, and at the same time released her dower to him. For the dower interest the defendant paid one hundred dollars and agreed to pay plaintiff's preferred claim against the intestate estate when he sold the land purchased. In effect he agreed to pay her for her dower interest two hundred and thirty-two dollars and fifty cents—one hundred to her directly, and the balance to the plaintiff. Defendant sold the land before suit brought, and his promise of payment to the plaintiff had matured. *Held;* that this promise, though oral, was not a promise to pay the debt of another, within the statute of frauds, but was a promise to pay his own debt to the appointee of Mrs. Bradbury, the plaintiff.

*Also;* that as she directed the payment to the plaintiff, it is immaterial whether she was indebted to him or not; nor does the fact that the payment operates to discharge the estate of the intestate, render the payment by defendant any the less a payment of his own debt.

ON REPORT.

This was an action of assumpsit reported to the law court upon the following facts as found by the presiding justice:—

Jacob Bradbury died intestate December 30, 1890. Elizabeth M. Bradbury, his widow, was appointed administratrix upon his estate at the February term, 1891, of the probate court for York County. The estate was decreed insolvent at the August term, 1891, and commissioners of insolvency appointed. Before these commissioners, Martin Coffin, the plaintiff, presented and made proof of a bill for medical services as a preferred claim to the amount of $132.50. This claim was allowed by the commissioners as a preferred claim, and by them returned with other claims, to the probate court, which accepted and confirmed the report of the commissioners at the February term of said court, 1892.

The dower of Elizabeth M. Bradbury, as widow of said deceased, was assigned to her by commissioners duly appointed by the probate court, their assignment of dower being confirmed at the July term, 1891. Elizabeth M. Bradbury obtained license to sell the real estate of said estate at the February term, 1892. Under said license she advertised and offered for sale said real estate, to be sold on the twentieth day of August, 1892, at Buxton, and also in the advertisement offered to sell her dower interest in the same. On the day of sale Elizabeth M. Bradbury, the administratrix, and Henry J. Bradbury, the defendant, met at Buxton at the time and place of sale and arranged for a sale of the real estate of the deceased and of the dower interest of Elizabeth M. Bradbury to the defendant, Henry J. Bradbury. It was a part of that arrangement that the defendant, Henry J. Bradbury, should pay to the widow on account of her conveyance of her dower interest, the sum of one hundred dollars, and he gave his note for that sum at that time, which he afterwards paid.

It was also agreed between Elizabeth M. Bradbury and the defendant, Henry J. Bradbury, as a part of the same transaction,—

the purchase of the dower interest,—that he should pay the preferred claims against the estate of Jacob Bradbury, including the claim of the plaintiff, Dr. Coffin, as soon as he was able to sell the real estate that day purchased. Dr. Coffin, the plaintiff, did not release his claim against the estate, but after hearing of the arrangement between Elizabeth M. Bradbury and the defendant, called upon the administratrix for the payment of the bill.

There was no indebtedness from Elizabeth M. Bradbury personally to Dr. Coffin, the plaintiff. The only indebtedness to Dr. Coffin was from the estate of Jacob Bradbury, deceased, her intestate.

The defendant, Henry J. Bradbury, afterward sold the real estate thus purchased. After that sale Dr. Coffin, the plaintiff, made a demand upon the defendant for the payment of this bill under the arrangement between the defendant and Mrs. Bradbury. He also, previous to that sale, called upon Bradbury for payment after the sale and after the refusal to pay.

This action was brought to recover the amount of the preferred claim.

The parties agreed that if upon the foregoing facts, this action could be maintained against the statute of frauds previously pleaded, the defendant is to be defaulted for the sum of $132.50, with interest from the date of the writ, May 4, 1896 ; otherwise the plaintiff to be nonsuit.

*Samuel M. Came*, for plaintiff.

*Henry W. Swasey*, for defendant.

Privity: *Jefferson* v. *Asch*, 53 Minn. 446 (39 Am. Rep. 618.) A stranger to a contract between others, in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, can not recover on it. See also *Vrooman* v. *Turner*, 69 N. Y. 280, (25 Am. Rep. 195.)

The question as to a consideration for the alleged promise is distinct from the evidence demanded by the statute to support an action upon a promise based on a sufficient consideration; for from

the early history of this statute it has been consistently held that there must not only be a consideration for the promise; but, if the promise be for the debt of another, it must be in writing. *Stone* v. *Symmes*, 18 Pick. 469; *Stewart* v. *Campbell*, 58 Maine, 443, and cases cited.

To take the case out of the statute of frauds, the verbal promise of a third person made to a debtor of the plaintiff to pay the latter the debt, which the immediate promisee owes him, must find its consideration in a purchase of property from the promisee, so that the amount which is promised to be paid is to be paid in discharge of the promisor; and the promise must be such, that, making the promised payment to the plaintiff as creditor of the promisee, will operate incidentally as a satisfaction of the debt of such promisee, and primarily as a payment of the debt of the promisor.

Counsel also cited: *Neeson* v. *Troy*, 29 Hun, 173; *Furbish* v. *Goodnow*, 98 Mass. 296.; *Whittemore* v. *Wentworth*, 76 Maine, 20, 24.

The declaration, in the case at bar, clearly sets out a promise of defendant to answer for the debt of Jacob Bradbury and made to Elizabeth M. Bradbury who is neither privy in law, representation or estate with Jacob Bradbury, and who was under no debt or duty to Dr. Coffin the party claiming to sue upon the promise; and the promise is clearly a promise to pay the debt of another and has not the evidence demanded by the statute pleaded for the support of this action.

*Mr. Came*, in reply, cited: *Schemerhorn* v. *Vanderheyden*, 1 Johns. 139, (3 Am. Dec. 305, note); *Burr* v. *Boers*, 24 N. Y. 178; *Fiske* v. *Tolman*, 124 Mass. 254, (26 Am. Rep. p. 659, notes, pp. 663–666); *Meech* v. *Ensign*, 49 Conn. 191, (44 Am. Rep. 225); *Merriman* v. *Moore*, 90 Pa. St. 79; *Dean* v. *Walker*, 107 Ill. 540, (47 Am. Rep. 467–473.)

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITEHOUSE, STROUT, JJ.

STROUT, J.  Plaintiff had a preferred claim against the insol-

vent estate of Jacob Bradbury, of which his widow, Elizabeth M. Bradbury, was administratrix. Under license from the Probate Court, the administratrix sold the real estate of her intestate to the defendant, and at same time conveyed to him her dower in the premises which had been regularly set out to her. For this dower interest defendant paid her one hundred dollars and agreed to pay plaintiff's preferred claim against the intestate estate, when he sold the land purchased. In effect he agreed to pay her for her dower interest two hundred thirty-two dollars and fifty cents: one hundred directly to her, and one hundred thirty-two dollars and fifty cents to plaintiff. He sold the land before suit brought, and his promise to pay plaintiff had matured. Defendant claims that his promise to pay the plaintiff, is a promise to pay the debt of another; and being verbal, is within the statute of frauds, and not binding upon him. In this he is in error. When he pays the plaintiff he is only paying the full purchase price which he agreed to pay for the dower interest; and it is immaterial to him whether he pays it directly to Mrs. Bradbury, or to her appointee, the plaintiff. As administratrix she had imposed upon her the duty to pay the plaintiff out of the property of her intestate. If for any reason she found it convenient or expedient to pay him from her own funds, she had the right to do so, and adjust it in the settlement of her account in probate; or, if she chose, she might treat it as a gift to the estate for the benefit of its creditors or its heirs. The result would be the same, if the amount agreed to be paid to plaintiff was a gratuity from Mrs. Bradbury. In paying it, defendant is only paying the consideration for his purchase. He cannot hold the property and escape payment of the agreed price. This result is abundantly sustained by the authorities. *Dearborn* v. *Parks,* 5 Maine, 81; *Brown* v. *Atwood,* 7 Maine, 356; *Goodwin* v. *Bowden,* 54 Maine, 424; *Bohanan* v. *Pope,* 42 Maine, 96.

That the payment may extinguish a debt due from the estate of the intestate, makes it none the less a payment by defendant of his own debt, and not a promise to pay the debt of another within the statute of frauds.

Although the promise was to Mrs. Bradbury, it was for the benefit of the plaintiff, and he can recover in this action. *Dearborn* v. *Parks*, supra. The case of *Stewart* v. *Campbell*, 58 Maine, 439, is not in conflict with this position. In that case, WALTON, J., concurring in the opinion drawn by the chief justice, says:— "A person who receives a consideration may be bound by any lawful promise founded upon it, and that promise may as well be to pay another's debt as to do any other act. This promise may be absolute or conditional; to pay money or perform labor; and having a valuable consideration of its own to rest upon, it is a new, original and independent undertaking," and may be enforced. This precise statement of the law in this state applies to the facts of this case. The consideration for defendant's promise was the dower interest conveyed to him. In payment for that, he promised Mrs. Bradbury to pay the plaintiff. This was a "new, original and independent undertaking," having a "valuable consideration of its own to rest upon," and is not affected by the statute of frauds. In accordance with the stipulation in the report, the entry will be,

*Defendant defaulted.*